UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN WES FARRISH,
    Plaintiff,

v.

STU SHERMAN, et al.,
    Defendants.

Case No. 14-cv-01263-JCS

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Petitioner Steven Wes Farrish seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent Stu Sherman shall file a response to the petition on or before June 30, 2016.[1]

## II. BACKGROUND

Farrish states in his petition that he was convicted of murder, among other charges, following a jury trial, and sentenced to seventy-seven years to life in state prison in September of 2010. Farrish initially filed this habeas action in March of 2014, but requested to stay the case to allow time to exhaust his remedies in state court. *See* dkts. 3, 6. Following the California Supreme Court's denial of Farrish's petition for review of state court decisions denying habeas corpus, this Court granted Farish's motion to reopen this federal action and lift the stay. *See* dkts. 15, 17.

## III. ANALYSIS

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

---

[1] Petitioner, the only party yet to appear in this action, has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Farrish asserts that improper comments that may have been overheard by the jury violated his Sixth and Fourteenth Amendment rights to a fair trial, an impartial jury, and due process; that prosecutorial misconduct violated his Fourteenth Amendment right to due process; and that omitted or improper jury instructions violated his rights under the Sixth and Fourteenth amendments. When liberally construed, these claims are cognizable in a federal habeas corpus action.

## IV. CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a magistrate judge jurisdiction consent or declination form on Respondent and Respondent's counsel, the Attorney General for the State of California.

2. Within ninety (90) days of the date this order is filed, Respondent shall file an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Farrish's claims. Respondent shall file with the answer all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If Farrish wishes to respond to the answer, he shall do so by filing a traverse with the Court within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, Respondent may file, within ninety (90) days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Farrish

1  shall file an opposition or statement of non-opposition within thirty (30) days of the date the
2  motion is filed, and Respondent shall file a reply within fifteen (15) days of the date any
3  opposition is filed.
4      5.  Upon a showing of good cause, requests for a reasonable extension of time will be
5  granted provided they are filed on or before the deadline they seek to extend.
6      **IT IS SO ORDERED.**
7  Dated: March 3, 2017

JOSEPH C. SPERO
Chief Magistrate Judge